UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| DEMETRIUS ALEXANDER BROWN, ) | Civil Action No.: 2:15-cv-2532-TMC-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| STATE OF SOUTH CAROLINA, NORTH ) | |
| CHARLESTON POLICE DEPARTMENT, ) | |
| R.E. STONE, ANTHONY DIPAOLO, C. ) | |
| BENTON, A. KUECHLER, PRISCILLA ) | |
| BRIDGES BALDWIN, and MARTHA ) | |
| KENT-RUNEY, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging various constitutional rights violations. Presently before the court are Defendants' Motion Dismiss for Failure to State a Claim (Document # 15) and Motion to Dismiss for Lack of Prosecution (Document # 21). Because he is proceeding pro se, Plaintiff was warned pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to these motions to dismiss could result in the motions being granted, resulting in dismissal of his claims. Plaintiff has not filed a response to either of Defendants' motions. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This Report and Recommendation is entered for review by the district judge.

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed.R.Civ.P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.1989). "Federal courts possess an inherent authority to dismiss cases with prejudice sua

sponte." Gantt v. Maryland Division of Correction, 894 F.Supp. 226, 229 (D.Md. 1995) (citing Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); White v. Raymark Industs., Inc., 783 F.2d 1175 (4th Cir.1986); Zaczek v. Fauquier County, Va., 764 F.Supp. 1071, 1074 (E.D.Va.1991)).

The Fourth Circuit, in Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), recognizing that dismissal with prejudice is a harsh sanction which should not be invoked lightly, set forth four considerations in determining whether Rule 41(b) dismissal is appropriate: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. Id. at 70.

Subsequently, however, the Fourth Circuit noted that "the four factors ... are not a rigid four-pronged test." Ballard, 882 F.2d at 95. "Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." Id. at 95-96.

In the present case, Plaintiff is proceeding pro se and, thus, is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no response has been filed to either motion. When Defendants' first motion to dismiss was filed, the court entered an order warning Plaintiff that a failure to respond to the motion could result in the motion being granted, thereby ending his case. After Plaintiff failed to respond to the first motion to dismiss, Defendants filed a second motion arguing that dismissal was appropriate for lack of prosecution. Again, the court warned Plaintiff that a failure to respond could result in dismissal of his claims. Because

Plaintiff has failed to file a response to either motion to dismiss, the undersigned concludes Plaintiff has abandoned his claims. No other reasonable sanctions short of dismissal are available. Accordingly, it is recommended that this case be dismissed pursuant to Fed.R.Civ.P. 41(b).

                                        s/Thomas E. Rogers, III  
                                        Thomas E. Rogers, III  
                                        United States Magistrate Judge  

December 17, 2015  
Florence, South Carolina  

**The parties are directed to the important information on the following page.**